Mallika Mendhiratta, Esq.
144 E 44TH Street STE 703
New York NY 10017
mallika.esq@gmail.com

**BY ECF**
**Hon. Denise Cote, U.S.D.J.**
**United States District Court**
**Southern District of New York**
**500 Pearl Street**
**New York, NY 10007**

**August 7, 2026**

**Re: 1:26-cv-00761-DLC Pundeer v. Paisley Restaurant, LLC et al**
**Subject: Letter Motion to Withdraw as Attorney**

Dear Hon. Judge Cote:

As you are aware, I represent Defendants Paisley Restaurant, LLC and Juthika Bedi, in the captioned matter. As will be detailed below, I have encountered a breakdown in relationship with the Defendants. These differences clearly place this case in line with the precedent of New York Federal District Courts for relieving an attorney of record. Therefore, pursuant to Local Civil Rule 1.4, I respectfully request to be relieved as attorney of record.

Local Civil Rule 1.4 provides that:

> "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

New York District Courts have interpreted this local rule to hold that: "satisfactory reasons include failure to pay legal fees, a client's lack of cooperation – including lack of communication – with counsel, and the existence of an irreconcilable conflict between attorney and client." *See*, *Hallmark Capital Corp. v. Red Rose Collection*, 1997 U.S. Dist. LEXIS 16328, No. 96 Civ. 2839,1997 WL 661146, at 2 (S.D.N.Y. Oct. 21, 1997); *Shea*

v.F.C.Fin. Servs., 1994 U.S. Dist. LEXIS 15604, No. 92 Civ.5756, 1994 WL 649176, at 1 (S.D.N.Y. Nov. 16, 1994); Furlow v. New York, 1993 U.S. Dist. LEXIS 3510, No. 90 Civ. 3956,1993 WL 88260 at 1-2 (S.D.N.Y. Mar. 22, 1993)

In the instant matter, the Defendants have not only failed to pay legal fees but also represented to me that they intend to substitute me for another attorney. Resultantly, on the date of the conference with your Honor on July 28, 2026, I made this representation. This was also communicated to the Plaintiff's Attorney when he called me after the conference with your Honor on the same date. However, to date, neither a substitution has been filed, nor has the Defendant paid my invoice.

When considering a motion to withdraw, in *Shea*, the Court found that "the existence of the acrimony [between defendant and its attorney] by itself is enough to convince the Court that [counsel] are no longer in a position to best represent defendant's best interests in this action." *Shea v. F.C. Fin Servs., supra*. Further, in *Hallmark*, the Court relieved counsel of record solely on the basis of "irreconcilable differences" between plaintiff and his attorney and emphasizing "it is not necessary for the Court to decide who or what caused the irreconcilable differences." *Hallmark Capital Corp. v. Red Rose Collection, supra*.

Hence, due to the breakdown of the relationship between the Defendants and I, it is not possible for me to represent the Defendants anymore. I do not have any intent to charge or retain any lien in this case. In the meantime, I also request that the case be stayed so that my clients can take appropriate steps to preserve their rights.

In further compliance with Local Civil Rule 1.4, I have also served a copy of this letter-motion upon all the parties involved in this matter via email and ECF.

Therefore, I respectfully request that the Court: (i) grant this application to be relieved as counsel of record for the Defendants, effective *nunc pro tunc* as of the date of this filing; (ii) stay the proceeding for a period of thirty (30) days, or such other period of

time that the Court deems appropriate and (iii) order any and all such other relief that the Court deems appropriate.

Respectfully,

_________/s/______________
Mallika Mendhiratta, Esq.
*Attorney for the Defendants*

CC: Shah Law Group, *Attorney(s) for Plaintiff* (Via ECF)
Paisley Restaurant LLC,
Juthika Bedi, *Defendants* (Via Email, juthika@paisleyrestaurantnyc.com)